NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEENAN IMON AKBAR,

Defendant - Appellant.

No. 23-671

D.C. No.
3:18-cr-03081-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 13, 2024[**]
Pasadena, California

Before: EBEL, BADE, and FORREST, Circuit Judges.[***]

Defendant-Appellant Keenan Akbar appeals the district court's revocation of

his supervised release. Akbar claims the district court violated his due process

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, United States Senior Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

right to confrontation by admitting his ex-girlfriend's hearsay statements about the domestic violence incident that was the basis for revocation. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We reverse and remand.

1. "Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We apply a balancing test to determine whether a releasee had a right to confrontation, weighing his interest in confronting the witness with the government's good cause for failing to procure her. *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993).

The strength of a releasee's confrontation interest depends on various factors, including the importance of the hearsay evidence to the district court's decision, whether the statements are reliable, and whether there was an opportunity to refute the statements. *Id.* at 311–12, 311 n.4; *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999). Good cause for a witness's absence turns on the difficulty and expense of procuring the witness, and the hearsay evidence's reliability. *United States v. Hall*, 419 F.3d 980, 988 (9th Cir. 2005).

2. Akbar had a moderate confrontation interest. Although the hearsay statements were "important to the finding of the violation," *Comito*, 177 F.3d at 1171, they also bore indicia of reliability due to corroboration by other evidence, *see Hall*, 419 F.3d at 987–88, and the declarant's demeanor on the body-worn

camera recording, *see* Fed R. Evid. 803(2); *Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 (9th Cir. 2010). Akbar's defense team also interviewed the witness out of court, elicited statements that were contrary to what she told police, and introduced those contradictory statements at the revocation hearing.

However, the government failed to show good cause for the witness's absence. It did not issue a subpoena, nor did it try to contact the witness or otherwise procure her appearance. Although the government argues that the state authorities' failed efforts to serve the witness with a subpoena demonstrated that federal efforts would have been futile, we reject this argument absent evidence detailing the extent of the state's efforts and the reasons for the witness's reluctance to testify. *See Comito*, 177 F.3d at 1172. We also conclude that the statements' indicia of reliability do not outweigh the lack of good cause. *See id.*

3. Weighing Akbar's moderate confrontation interest with the government's weak reasons for failing to procure the witness, we conclude that the district court erred by considering the hearsay evidence when it revoked supervised release. And "[t]he balancing test itself has shown . . . that the error was not harmless beyond a reasonable doubt." *Id.* at 1173.

**REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS THE REVOCATION PETITION.**